IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-113-FL

| | |
|---|---|
| MARIO PETRUZZO,                      )<br>                                      )<br>            Plaintiff,                )<br>                                      )<br>     v.                               )<br>                                      )<br>HEALTHEXTRAS, INC.;                   )<br>HEALTHEXTRAS BENEFITS                 )<br>ADMINISTRATORS, INC.;                 )<br>CATALYST HEALTH SOLUTIONS,            )<br>INC.; HEALTHEXTRAS                    )<br>INSURANCE AGENCY, INC.;               )<br>ALLIANT INSURANCE SERVICES,           )<br>INC., formerly known as Driver Alliant)<br>Insurance Services, Inc.; ALLIANT     )<br>SERVICES HOUSTON, INC., formerly      )<br>known as JLT Services Corporation;    )<br>ALLIANT INSURANCE SERVICES            )<br>HOUSTON, INC., formerly know as       )<br>Capital Risk, LLC, formerly known as  )<br>Jardine Lloyd Thompson, LLC; and,     )<br>NATIONAL UNION FIRE                   )<br>INSURANCE COMPANY, doing              )<br>business as National Union Fire       )<br>Insurance Company of Pittsburg, PA, a )<br>division of American International    )<br>Group, Inc. (AIG),                    )<br>                                      )<br>            Defendants.                ) | ORDER |

      This matter comes before the court on defendants' motions to dismiss (DE 35, 37, 39). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb, issued memorandum and recommendation ("M&R") recommending that the court deny defendants' motions. Defendants untimely filed objections to the

M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**STATEMENT OF THE CASE**

On March 6, 2012, plaintiff filed suit on behalf of himself and all other similarly situated North Carolina residents concerning a blanket permanent disability insurance policy ("the policy"). Plaintiff alleges that the policy is void and brings state law claims for unfair and deceptive trade practices, breach of the duty of good faith and fair dealing, unjust enrichment, and civil conspiracy, requesting both equitable relief and monetary damages, including punitive damages. Plaintiff asserts subject matter jurisdiction pursuant to the Class Action Fairness Act, 28, U.S.C. § 1332(d), claiming over 100 class members with an aggregate amount in controversy exceeding $5,000,000.00.

Defendant National Union Fire Insurance Company ("NUFIC") is the underwriter for the policy. Defendants HealthExtras, Inc., HealthExtras Benefits Administrators, Inc., Catalyst Health Solutions, Inc., and HealthExtras Insurance Agency, Inc. (collectively "HealthExtras") sold the policy and collected payments from plaintiff. Defendants Alliant Insurance Services, Inc., Alliant Services Houston, Inc., and Alliant Insurance Services Houston, Inc. (collectively "Alliant") are listed as the broker of record for the policy.

On June 1, 2012, plaintiff's complaint was answered with three separate motions to dismiss pursuant to Rule 12(b)(6) by NUFIC, HealthExtras, and Alliant (collectively "defendants").[1] HealthExtras seeks dismissal on the grounds that plaintiff's claims are untimely filed, and thus barred by the statute of limitations. Alliant argues that there are insufficient facts concerning its involvement specifically in the complaint to survive a motion to dismiss, especially where the

---

[1] Plaintiff never obtained service upon defendant Group Insurance Trust and the action against that defendant was dismissed on August 6, 2012. "Defendants" thus refers only to the remaining defendants in this case.

complaint alleges general facts concerning the civil conspiracy claim. NUFIC moves to dismiss on several grounds, including assertions that plaintiff has not suffered a cognizable injury and that there are no viable claims in this case for breach of the duty of good faith and fair dealing, unjust enrichment, punitive damages, and civil conspiracy. The court will now examine these motions, with benefit of M&R entered May 9, 2013, and defendants' objections filed on May 28, 2013.

## STATEMENT OF THE FACTS[2]

HealthExtras marketed disability coverage to customers of credit card issuing banks. Compl. ¶ 41. In 1998, plaintiff received marketing materials relating to this insurance product from his credit card issuer, Capital One. Compl. ¶ 43. Plaintiff enrolled in the program on January 22, 2000, mailing his enrollment request and first payment to HealthExtras. Compl. ¶ 49. HealthExtras accepted plaintiff's enrollment on February 22, 2000, and plaintiff has made payments for this disability coverage from January 2000 through the present. Compl. ¶¶ 51-52.

On October 27, 2004, plaintiff received a letter signed by an employee of JLT Services Corporation, now known as Alliant Services Houston, Inc., informing him that effective January 1, 2005, his disability coverage would be underwritten by NUFIC. Compl. ¶ 55. In response to a later request for information, HealthExtras forwarded to plaintiff a letter from Alliant Services Houston, Inc., designated as "Broker of Record." Compl. ¶ 59. This letter contained a description of coverage listing AIG Group Insurance Trust as the policyholder. Compl. ¶ 61. Plaintiff first became aware that AIG Group Insurance Trust was the policyholder at this time. Compl. ¶ 62.

---

[2] According to the pleading standard described infra Discussion Part A, the court accepts as true the facts asserted in the complaint and construes them in the light most favorable to plaintiff. For a more detailed statement of facts, see the background given in the M&R, which the court adopts and incorporates herein that portion of the M&R as its own. M&R 2-5.

The policy described in the letter was approved by the North Carolina Department of Insurance ("DOI") on December 21, 2001, for sale only to eligible blanket groups pursuant to N.C. Gen. Stat. § 58-51-75. Compl. ¶ 65. AIG Group Insurance Trust, the group to which this policy was issued, was formed only for the purpose of obtaining insurance; its members are credit card holders of the several banks through which HealthExtras marketed the policy. Compl. ¶ 69.

According to the complaint, AIG Group Insurance Trust is not a valid blanket group pursuant to statute, and therefore the policy is illegal and void. Compl. ¶¶ 67-69, 72. Therefore, plaintiff and other members of the class paid premiums for a policy with no value. Compl. ¶¶ 73, 76-77.

## DISCUSSION

A.  Standard of Review

Defendants challenge the pleadings under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating their motion, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [claimant] in weighing the legal sufficiency of the [pleadings]." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is met where "the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 255 (quoting Iqbal, 556 U.S. at 678).

"Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the]

4

evidence" required to prove the claim. Twombly, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 679). In evaluating the factual content necessary to survive a motion to dismiss, however, the court does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citing Iqbal, 556 U.S. at 678; Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009)) (internal quotation marks omitted).

"At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will 'be a context-specific task.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). If the properly considered factual allegations, viewed in context, fail to "nudge[] . . . claims across the line from conceivable to plausible, the[] complaint must be dismissed." Twombly, 550 U.S. at 570. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of [that] line." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

& Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   HealthExtra's Objection

HealthExtra seeks dismissal on the grounds that plaintiff's claims are time-barred.[3] The statute of limitations for plaintiffs claims are three years, except that the statute of limitations for the unfair and deceptive trade practices claim is four years. See N.C. Gen. Stat. §§ 75-16.2, 1-52(1), (5). The cause of action for these claims accrues as soon as the right to institute and maintain a suit arises. See N.C. Gen. Stat. § 1-15(a). On a Rule 12(b)(6) motion it is generally inappropriate to raise an affirmative defense based on the statute of limitations unless "all facts necessary to the affirmative defense clearly appear *on the face of the complaint*." Goodman v. PraxAir, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (internal quotation marks omitted).

The continuing wrong doctrine provides an exception to the general rule that a cause of action accrues as soon as the right to institute and maintain a suit arises. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Williams v. Blue Cross Blue Shield, 581 S.E.2d 415, 423 (N.C. 2003) (quoting Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)). "When this doctrine applies, a statute of limitations does not begin to run until the violative act ceases." Id.

The complaint mentions plaintiff's receipt of a letter on October 27, 2004, in which the AIG Group Insurance Trust was listed as the policyholder for plaintiff's disability insurance. Compl. ¶ 55. It also claims that plaintiff did not become aware of the fact that AIG Group Insurance Trust

---

[3] In objecting to the M&R, HealthExtra incorporated the other defendants' objections by reference, discussed infra.

6

was the policyholder until January 5, 2010. Compl. ¶ 62. HealthExtra argues that the earlier date of October 27, 2004, is the date of accrual because plaintiff knew or should have known that the insurance was not issued to a valid blanket group, the injury from which all of plaintiff's claims stem.

As noted in the M&R, HealthExtra's motion must fail for two reasons. First, it is not clear on the face of the complaint that plaintiff's cause of action accrued on October 27, 2004, instead of January 5, 2010. See Goodman, 494 F.3d at 464. If the latter date is the actual date of accrual, then plaintiff's complaint was timely filed and none of his claims are time-barred. Thus, the affirmative statute of limitations defense is inappropriately brought at this time.

Second, even if plaintiff's right to institute this action first arose on October 27, 2004, the continuing wrong doctrine provides an exception to accruing the claims in this case, where defendants continued to collect premiums for an allegedly illegal insurance product until at least March 6, 2012, when the complaint was filed. See Williams, 581 S.E.2d at 423; Thomas v. Petro-Wash, Inc., 429 F. Supp. 808, 812 (M.D.N.C. 1977) (holding that defendant's continued sales of gasoline to plaintiff after entering into an agreement which violated state and federal antitrust laws constituted continuing overt acts for purposes of the statute of limitations, and that therefore the action was not time-barred). Therefore, plaintiff's complaint will not be dismissed on the affirmative statute of limitations defense.

C.  Alliant's Objection

Alliant objects to the M&R on the grounds that it applied the defunct Conley v. Gibson, 355 U.S. 41, 45-46 (1957) standard and not that of Twombly, in which the Court rejected Conley's "no set of facts" language, stating that "[t]he phrase is best forgotten as an incomplete, negative gloss

7

on an accepted pleading standard." Twombly, 550 U.S. at 563.[4] Alliant further asserts that under the correct standard of review, insufficient facts are alleged against Alliant specifically, where the complaint relies heavily on allegations against all defendants collectively.

As an initial matter, the court agrees that Twombly, not Conley, provides the correct guidance for review on a motion to dismiss pursuant to Rule 12(b)(6). See supra Discussion Part A. Turning to the Alliant's underlying challenge as to the sufficiency of the complaint, the court finds that plaintiff's claims against Alliant nonetheless survive dismissal.

Where a civil conspiracy exists, all of the conspirators are liable, jointly and severally, for the act of any one of them done in furtherance of the agreement. Muse v. Morrison, 66 S.E.2d 783, 785 (N.C. 1951). To state sufficiently a claim for civil conspiracy under North Carolina law, a plaintiff's complaint must allege "(1) a conspiracy, (2) wrongful acts done by certain of the alleged conspirators in furtherance of that conspiracy, and (3) injury as a result of that conspiracy." State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 666 S.E.2d 107, 115 (N.C. 2008).

The facts in the complaint, taken as true, show that defendants have associated themselves together for the common purpose of selling insurance. See, e.g., Compl. ¶¶ 41, 51-52 (stating that HealthExtras offered the policy and received payment); Compl. ¶ 55 (stating that NUFIC is the underwriter for the policy); Compl. ¶ 59 (stating that Alliant Services Houston is the broker of record). Plaintiff has also alleged a wrongful act in furtherance of the conspiracy. Compl. ¶ 65 (stating that HealthExtras sold the policy in violation of N.C. Gen. Stat. § 58-51-75). Finally, plaintiff has alleged a cognizable injury as a result of that conspiracy, namely by paying premiums

---

[4] Alliant raises further issues in its objection, largely consisting of restatements of its initial arguments in support of the motion to dismiss; namely, that the facts alleged in the complaint do not make out a plausible case against defendants. Alliant incorporates NUFIC's objection by reference, which is discussed infra.

8

on an allegedly valueless and illegal policy. See infra Discussion Part D.1. Therefore, Alliant's assertion that the facts alleged against its co-defendants, or all defendants as a group, do not make out a plausible case for Alliant's liability is ultimately compromised by plaintiff's civil conspiracy claim. Plaintiff has alleged sufficient facts to show Alliant is part of that conspiracy, which obviates the need for a review limited to only the facts alleged against Alliant in particular.

D.  NUFIC's Objection

NUFIC moves to dismiss on a number of grounds, the most significant of which is the claim that plaintiff has not suffered any cognizable injury because, even assuming that AIG Group Insurance Trust is not a valid blanket group and the insurance policy is unapproved, the policy is not void and is still enforceable by plaintiff. Additionally, NUFIC argues that the claim for breach of the duty of good faith and fair dealing fails because there is no breach of contract and that the claims for equitable relief based on unjust enrichment and punitive damages are baseless.[5]

1.  Cognizable Injury

Turning first to NUFIC's argument as to injury, the parties disagree as to whether the insurance contract at issue is void and injurious to plaintiff, or merely voidable and thus enforceable by plaintiff. It is a well-established principle in contract law that contracts which are illegal or against public policy are void, and the Supreme Court of North Carolina has spoken clearly on this issue: "[W]here the law-making power speaks on a particular subject . . . public policy in such cases is what the law enacts." Cauble v. Trexler, 42 S.E.2d 77, 80 (N.C. 1947). Thus, "an agreement which violates a provision of a statute . . . is illegal and void." Id.; see also C.O. Gore v. George J. Ball, Inc., 182 S.E.2d 389, 396 (N.C. 1971) ("It is well established that no recovery can be had on

---

[5] NUFIC also moves to dismiss the civil conspiracy claim and on the basis of the affirmative statute of limitations defense, discussed supra.

a contract forbidden by the positive law of the state . . . whether it is forbidden in express terms or by implication . . . .") (internal citations omitted).

There is a distinction between insurance policies for which the insurer has failed to obtain the required advance approval and those which could never be approved because they violate North Carolina insurance laws. See In re Port Pub. Co., 57 S.E.2d 366, 368 (N.C. 1950). The former are considered voidable by the insured, but still may be enforced against the insurer, while the latter are entirely void as contrary to public policy. See Richardson v. Bank of America, N.A., 643 S.E.2d 410, 425-26 (N.C. Ct. App. 2007). The general rule that a violation renders a contract void is not applied inflexibly to insurance contracts because "[t]he party insured cannot, without great difficulty, discover whether the insurer has complied with all the statutory requirements or not," so voiding large numbers of insurance policies for minor infractions "would work great hardship and be manifestly unjust." Robinson v. Sec. Life & Annuity Co., 79 S.E. 681, 684 (N.C. 1913). This does not contradict the general rule; it merely guides its application. See id.

The crucial distinction is that in contracts which North Carolina courts treat as void, the illegality pertains specifically to the substantive content of the contract itself, whereas in those which are treated as voidable but enforceable, the problem lies with one of the parties, whether as a violation committed by the insurance company such as failure to obtain approval, or in cases where one of the parties is lacking in capacity. See In re Port Pub. Co., 57 S.E.2d at 368 ("[I]t is only when the illegal element in a contract permeates the entire agreement that such contract is void in its entirety."); Electrova Co. v. Spring Garden Ins. Co., 72 S.E. 306, 307 (N.C. 1911) (holding that where a contract "grows immediately out of and is connected with" an illegal act, it is void, but if the illegal act "is collateral to" the contract, the contract is still enforceable). Compare Link v. Link,

10

179 S.E.2d 697, 706 (N.C. 1971) (stating that "a transaction procured by either fraud, duress, or undue influence" is voidable by the victim, but may be enforced if ratified with full knowledge of the facts), Home Indem. Co. v. Hoechst Celanese Corp., 494 S.E.2d 768, 772-73 (N.C. Ct. App. 1998) (holding that an insurance policy issued prior to its approval was still enforceable, as subsequent approval indicated that it was not against public policy), and Hyde Ins. Agency, Inc. v. Dixie Leasing Corp., 215 S.E.2d 162, 165 (N.C. Ct. App. 1975) (holding that an insurance policy on which the issuer offered an illegal rebate was still enforceable), with Florsheim Shoe Co. v. Leader Dep't Store, 193 S.E. 9, 11 (N.C. 1937) (holding that a sales contract conditioned on an illegal anti-competitive provision was void), and Richardson, 643 S.E.2d at 425-26 (holding that an insurance policy issued for a term exceeding the range allowed by the statute was entirely void).

The instant case, in which the insurance product at issue falls outside the category approved by statute, bears more resemblance to Richardson than to Home Indemnity or Hyde Insurance. This insurance product was never presented for approval to the DOI for sale to blanket groups outside the scope of the statute. See Compl. ¶ 65. Moreover, as AIG Group Insurance Trust is not one of the blanket groups authorized by the statute, even if it had been presented to the DOI it would not have been approved. North Carolina law does not allow for the issuance of blanket permanent disability coverage to any groups other than those enumerated in the statute. N.C. Gen. Stat. § 58-51-75.[6] Where this defect pertains to the contract itself, the policy is void. Thus, plaintiff has sufficiently alleged the cognizable injury of paying for a valueless insurance policy.

    2.        Good Faith and Fair Dealing

---

[6] Note that effective July 1, 2013, this statute has been amended. As the amendment does not appear to be retroactive, the court examines this case under the statutory law in place during the relevant time. See Act of June 26, 2013, § 19, 2013 N.C. Sess. Laws 199 (to be codified at N.C. Gen. Stat. § 58-51-75(a)(10)).

11

NUFIC argues that there can be no viable claim for a breach of the duty of good faith and fair dealing if the contract is void because a claim for breach of this duty requires an underlying breach of contract. Generally, when a breach of the duty of good faith and fair dealing is based upon the same facts as a breach of contract claim, the breach of duty cannot survive absent the underlying breach of contract. See Stephen Dilger, Inc. v. Meads, No. 5:11-cv-42, 2011 WL 1882512, at *14 (E.D.N.C. May 17, 2011) (dismissing the breach of duty claim on the basis that plaintiff's breach of contract claim failed); B. Lewis Productions, Inc. v. Angelou, 2005 WL 1138474, at *11 (S.D.N.Y. May 12, 2005) (interpreting North Carolina law); Shalford v. Shelley's Jewelry, Inc., 127 F. Supp. 2d 779, 787 (W.D.N.C. 2000).

However, in North Carolina a duty of good faith and fair dealing may alternatively arise from certain special relationships between the parties. For example, in Richardson, 643 S.E.2d at 427, the court found that a duty of good faith and fair dealing arose from the parties' creditor/debtor relationship. The claim was allowed based on this preexisting duty. North Carolina likewise acknowledges such a relationship between an insurer and the insured. See Cincinnati Ins. Co. v. Centech Bldg. Corp., 286 F. Supp. 2d 669, 690 (M.D.N.C. 2003) ("The duty of good faith and fair dealing required to sustain a common law bad faith claim is a concept of insurance law and attaches because of the special relationship between insureds and insurers."). This duty is commonly invoked in the context of settlement, and a claim based on a breach of this duty must not necessarily accompany a claim for breach of the contract. See Alford v. Textile Ins. Co., 103 S.E.2d 8, 12 (N.C. 1958) ("[A]n insurer owes a duty to its insured to act diligently and in good faith in effectuating settlements with claimants."); Eli Research Inc. v. United Commc'ns Group, LLC, 312 F. Supp. 2d 748, 761 (M.D.N.C. 2004) (noting several cases in the Court of Appeals of North Carolina where

12

courts have considered claims for breach of the implied covenant of good faith and fair dealing as separate claims from traditional breach of contract claims).

The plaintiff in this case has alleged bad faith conduct. See Compl. ¶ 93 (alleging that defendants' sale of an illegal policy without disclosure of its illegality constituted bad faith and unfair dealing); Richardson, 643 S.E.2d at 427 (holding that sale of an unlawful insurance product constituted a breach of the insurer's duty of good faith and fair dealing). Furthermore, the claim for breach of duty of good faith and fair dealing is not tied factually or conceptually to a breach of contract claim. Cf. Stephen Dilger, 2011 WL 1882512, at *14 (recognizing that the factual tie between the breach of contract claim and breach of duty claim created circumstances requiring dismissal of the latter upon disposal of the former). Accordingly, and in light of the relationship between the parties, plaintiff may bring a claim for breach of the duty of good faith and fair dealing without also alleging a breach of contract. See Cincinatti Ins. Co., 286 F. Supp. 2d at 690.

3.  Unjust Enrichment and Punitive Damages

NUFIC argues that the claim of unjust enrichment should be dismissed because it is an equitable remedy only available when legal remedies are insufficient. Furthermore, NUFIC claims that punitive damages are not available because none of plaintiff's viable claims can support such damages. It is inappropriate for the court to decide plaintiff's possible recovery at the motion to dismiss stage. See Fed. R. Civ. P. 12(b)(6) (allowing the assertion of a defense for "failure to state a *claim*") (emphasis added); Owens v. Dixie Motor Co., No. 5:12-CV-389-FL, 2013 WL 3490395, at *5 (E.D.N.C. July 11, 2013) (finding that it was premature to foreclose punitive damages when considering a motion to dismiss); Jones v. Wake Cnty. Hosp. Sys., Inc., 786 F.Supp. 538, 547 (E.D.N.C. 1991) ("The question of whether or not a party can recover punitive damages . . . has no

13

bearing on the validity of the cause of action set out in plaintiff's complaint."). See also Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co., 912 F. Supp. 2d 321, 343-44 (D. Md. 2012) ("Although a plaintiff may not recover under both contract and quasi-contract theories, it is not barred from pleading these theories in the alternative . . . ."); Daigle v. Ford Motor Co., 713 F. Supp. 2d 822, 828 (D. Minn. 2010) (denying defendant's motion to dismiss an unjust enrichment claim based on the availability of legal remedies).

In addition, plaintiff has alleged facts supporting unjust enrichment, which requires: (1) a measurable benefit was conferred on the defendant, (2) the defendant consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously. Booe v. Shadrick, 369 S.E.2d 554, 556 (N.C. 1988). The complaint alleges that measurable premiums were paid to and accepted by defendant HealthExtras, and that the payments were not made officiously or gratuitously, but with the expectation that plaintiff would receive valuable insurance coverage in exchange. The court also notes that there is precedent for considering punitive damages in similar alleged circumstances. See Richardson, 643 S.E.2d at 428-29 (holding that the illegal sale of insurance over a two-year period constituted "willful and wanton tortious activity" where the insurance company had a legal department available to give advice but offered no evidence of consideration of the legality of the particular sale). Therefore, plaintiff's unjust enrichment and punitive damages claims will not be dismissed.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge and DENIES defendants'

14

motions to dismiss (DE 35, 37, 39). The stay is hereby LIFTED. The parties are to file a Joint Supplemental Rule 26(f) Report within twenty-one (21) days of entry of this order.[7]

SO ORDERED this the 23rd day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[7] Where matters in this case were stayed on October 4, 2012, pending the court's decision on the instant motions, the parties are now accorded opportunity to supplement the existing Rule 26(f) Reports.