IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-113-FL

| | |
|---|---|
| MARIO PETRUZZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HEALTHEXTRAS, INC.; | ) |
| HEALTHEXTRAS BENEFITS | ) |
| ADMINISTRATORS, INC.; | ) |
| CATALYST HEALTH SOLUTIONS, | ) |
| INC; HEALTHEXTRAS INSURANCE | ) |
| AGENCY, INC.; ALLIANT | )     ORDER |
| INSURANCE SERVICES, INC., f/k/a | ) |
| Driver Alliant Insurance Services, Inc.; | ) |
| ALLIANT SERVICES HOUSTON, | ) |
| INC., f/k/a JLT Services Corporation; | ) |
| ALLIANT INSURANCE SERVICES | ) |
| HOUSTON, INC., f/k/a Capital Risk, | ) |
| LLC, f/k/a Jardine Lloyd Thompson, | ) |
| LLC; NATIONAL UNION FIRE | ) |
| INSURANCE COMPANY, d/b/a | ) |
| National Union Fire Insurance Company | ) |
| of Pittsburg, PA, a division of American | ) |
| International Group, Inc. (AIG); | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court on plaintiff's motion to amend complaint (DE 88). Defendants responded in opposition, plaintiff replied, and defendants filed sur-reply. Accordingly, the issues raised are ripe for ruling, but for the fact of several related motions being filed by plaintiff June 19, 2014, which muddy the waters somewhat.

Most particularly, plaintiff now seeks leave to file in place of the first proposed amended complaint, a more specific one, clarifying more particularly the identities of the necessary parties. (DE 107). In essence, plaintiff seeks to supplant the proposed amended complaint filed back on November 22, 2013, with this new one, and rely on the grounds originally articulated in supporting memorandum lodged on the docket at entry number 89 and reply at entry number 96, in furtherance of his motion now to proceed on that proposed complaint lodged at entry number 107. Also on June 19, 2014, plaintiff sought leave to dismiss defendants HealthExtras Insurance Agency, Inc. (DE 104), HealthExtras Benefits Administrators, Inc. (DE 105), and Alliant Insurance Services Houston, LLC (DE 106), with prejudice, on grounds that his further investigation has revealed that none of these defendants is a necessary party to the action.

## STATEMENT OF THE CASE

Plaintiff, a resident of Ocean Isle, North Carolina, commenced this action on March 6, 2012, with the filing of a complaint on behalf of himself and all similarly-situated North Carolina residents concerning blanket group disability and health insurance policies. Plaintiff alleges that the policies are illegal and void, and seeks to recover compensatory and punitive damages based on claims of unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1, *et seq.*, breach of good faith and fair dealing, unjust enrichment, and civil conspiracy. The complaint requests class action status and asserts subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), alleging over one hundred (100) class members with an aggregate amount in controversy over five million dollars ($5,000,000.00).

On August 7, 2012, the court dismissed the action as to one defendant, Group Insurance Trust, without prejudice, for failure to obtain service. Remaining defendants filed motions to

2

dismiss on a number of grounds, including (1) that plaintiff's claims were barred by the statute of limitations, (2) the complaint alleged insufficient facts against defendants Alliant Services Houston, Inc. ("Alliant Services Houston"); Alliant Insurance Services Houston, Inc.; and Alliance Insurance Services, Inc. (collectively, "Alliant"), (3) that plaintiff had failed to plead a cognizable injury, and (4) that plaintiff had failed to plead sufficient facts to support his claims. The court denied these motions by order entered August 23, 2013. Subsequently, defendants filed three separate answers on September 16, 2013. One answer was filed by Alliant defendants. A second answer was filed by defendants Catalyst Health Solutions, Inc.; HealthExtras, Inc.; HealthExtras Benefits Administrators, Inc.; and HealthExtras Insurance Agency, Inc. (collectively, "HealthExtras"). Finally, defendant National Union Fire Insurance Company ("National Union") filed an answer of its own. On November 22, 2013, plaintiff filed his first motion to amend. Five days later, the court granted joint motion to stay class discovery, pending resolution of the motion to amend.

Plaintiff's proposed amended complaint filed last year[1] alleges the same general scheme as the original complaint, and asserts the same claims for unfair and deceptive trade practices, breach of the duty of good faith and fair dealing, unjust enrichment, civil conspiracy, and punitive damages. However, the amended complaint proposes the addition of new plaintiffs and defendants and includes many new details of the allegedly unlawful activity.

## STATEMENT OF FACTS

The court sets out here plaintiff's allegations in the proposed amended complaint. In the late 1990s, HealthExtras defendants established marketing partnerships with six of the nation's largest

---

[1] Unless otherwise noted, all references to the proposed amended complaint refer to the one filed November 22, 2013, at docket entry number 88.

VISA and Mastercard issuing banks to market a benefit program that included an Accidental Permanent and Total Disability insurance product (Disability Policy) and an Emergency Accident and Sickness Medical Expense insurance product (Health Policy). (Am. Compl. ¶ 86).[2]

Plaintiff received marketing materials from HealthExtras defendants which were forwarded to him in mailings from his credit card issuer, Capital One, in 1998. (Id. at ¶¶ 32). On February 22, 2000, HealthExtras defendants accepted plaintiff's enrollment in these policies. (Id. at ¶ 41). Virginia Surety Company, Inc. ("Virginia Surety"), proposed to be added as a defendant, became underwriter of plaintiff's Health Policy at some point in calendar year 2001, and remained underwriter to present. (Id. at ¶ 40). The premium, also described as a "program fee" or "membership fee," advertised for the policies was $9.25 per month. (Id. at ¶ 43, 53). HealthExtras defendants began debiting plaintiff's account for an annual premium of $95.00 on January 29, 2001. (Id. at ¶ 43).

On October 27, 2004, plaintiff received a letter signed by an employee of JLT Services Corporation, now known as defendant Alliant Services Houston, informing plaintiff that defendant National Union would become the underwriter for the plaintiff's Disability Policy, and that the policy definition of "Accidental Permanent Disability" would be altered, both changes taking effect January 1, 2005. (Id. at ¶¶ 44-45). At this time, plaintiff was first informed that the program benefit was organized with a policyholder denoted as "AIG Group Insurance Trust, for the Account of HealthExtras." (Id. at ¶ 45).

---

[2] As noted, the facts summarized are drawn from plaintiff's First Amended Class Action Complaint, filed November 22, 2013. (DE 88-1).

In 2005, HealthExtras defendants unilaterally increased plaintiff's premium to $131.00 per year, without obtaining prior approval from the North Carolina Department of Insurance. (Id. at ¶ 46). It again increased the premium to $167.00 per year, again without required prior approval, in 2009. (Id. at ¶ 47).

At plaintiff's request, HealthExtras defendants forwarded him program materials, signed by defendant Alliant Services Houston's Executive Vice President, on January 5, 2010. (Id. at ¶ 48). The letter described "AIG Group Insurance Trust, for the Account of HealthExtras" as the policyholder and "JLT Services Corporation" as the broker of record. (Id. at ¶¶ 49-50). The description of coverage referred to a policy series and master policy which plaintiff has never received from defendants. (Id. at ¶¶ 51-52). The policy summary of terms contains contradictions and exclusions which intentionally render the policy virtually worthless to purchasers. (Id. at ¶ 52).

The allegations underlying Jeffrey and Kimberly Bush ("Bushes"), proposed as plaintiffs, are similar. After receiving marketing materials from HealthExtras in 1998, they initially enrolled with the HealthExtras "benefit program" effective February 1, 1999, while residents of Pennsylvania. (Id. at ¶ 67). They moved to Cornelius, North Carolina on July 21, 2005. (Id.). Virginia Surety was underwriter for the policy. (Id. at ¶ 68). The Bushes' fees were increased in 2009, without prior approval of the North Carolina Department of Insurance. (Id. at ¶ 71). In response to a written request, defendants HealthExtras and Alliant Services Houston forwarded program materials to the Bushes on October 11, 2013, denoting Alliant Services Houston as broker of record and AIG Group Insurance Trust, for the Account of HealthExtras, as policyholder. (Id. at ¶¶ 72-74). The Bushes have never received a copy of the policy series or of the master policy described in those program materials. (Id. at ¶ 76).

5

The policies issued to plaintiff and the Bushes may only insure eligible blanket groups. (Id. at ¶¶ 98-101). Defendant National Union deceptively sought and obtained approval of the policy series pertaining to the Disability Policy from the North Carolina Department of Insurance on December 21, 2001, based on its representation that it would only sell this coverage to eligible blanket groups. (Id. at ¶ 98). Furthermore, the Health Policy underwritten by Virginia Surety also includes a provision requiring subrogation for benefits that might be payable under the policy. (Id. at ¶ 103).

HealthExtras defendants have administered, collected, allocated and retained fees for these policies from January 1, 2000, until August 1, 2012, at which time it divested these functions to HealthExtras, LLC ("New HealthExtras), proposed to be added as defendant. (Id. at ¶¶ 111, 115). From 2000 to 2004, HealthExtras defendants allocated and distributed the sums collected to themselves, Virginia Surety, other underwriters, insurance brokers and the credit card issuer that maintained the account through which HealthExtras defendants collected premiums from plaintiff. (Id. at ¶ 54). From 2005 through August 1, 2012, HealthExtras defendants distributed sums collected from plaintiff and the Bushes to itself, defendant National Union, Alliant defendants, Virginia Surety, and the credit card issuer that maintained the account through which HealthExtras defendants collected premiums. (Id. at ¶¶ 55, 77). The insurance was placed in insurance trusts that "held" the policies, including AIG Group Insurance Trust, for the account of HealthExtras. (Id. at ¶¶ 54-55, 77). Virginia Surety has underwritten and accepted sums for the insurance policies since January 1, 2001. (Id. at ¶ 112). Defendant National Union has underwritten and accepted sums for these policies since January 1, 2005. (Id. at ¶ 113). Alliant defendants have brokered and accepted sums for these policies since January 1, 2005. (Id. at ¶ 114). All of these actions were performed on a

6

monthly and yearly basis. (Id. at ¶¶ 111-115). Plaintiff alleges that each defendant has engaged in a "continuing wrong" over the respective time period that they performed these actions. (Id. at ¶¶ 57-63).

Plaintiff and the Bushes fall within a group of persons to whom these policies were sold which formed specifically for the purpose of obtaining insurance. (Id. at ¶ 117). Plaintiff alleges that the only unifying characteristic of this group was the fact that these persons have credit card accounts. (Id. at ¶ 145). The policyholder "AIG Group Insurance Trust, for the account of HealthExtras" was created for the sole purpose of obtaining and placing insurance in order to avoid state insurance laws and defraud customers. (Id.). Defendants formed this group of persons in order to prevent an actual group of persons from evaluating the program and its policies, including its promises, premiums and exclusions. (Id. at ¶ 118). Defendants issued the policies to themselves using the guise of insurance trusts, and have refused to allow plaintiff or others access to the master policies. (Id. at ¶ 119). In this manner, defendants have concealed the basis that underwriters rely upon to wrongfully deny claims. (Id. at ¶ 119). Through a similar pattern of activity, HealthExtras defendants have created and administered other trusts with other underwriters and brokers involving AIG Group Insurance Trust. (Id. at ¶ 120). The defendants engaged in these concerted actions to avoid insurance regulation and to disguise the fact that the subject policies have no value to the actual persons who were and are paying premiums. (Id. at ¶ 121).

Plaintiff and other North Carolina residents suffered damages by being charged these premiums for these policies. (Id. at ¶ 122). Plaintiff alleges entitlement to damages against HealthExtras defendants for all time periods since January 1, 2000, against Virginia Surety for all time periods from January 1, 2001 or the exact date Virginia Surety assumed underwriting

responsibilities; against defendant National Union for all time periods from January 1, 2005, against Alliant defendants for all time periods from January 1, 2005, and against defendant New HealthExtras for all time periods subsequent to its assumption of the administration and collection of fees after being divested from HealthExtras defendants in 2012. (Id. at ¶ 110).

By dint of that motion filed June 19, 2014, plaintiff now seeks to proceed on a more precise pleading reflecting a more accurate, simplified recitation of the identities of the parties, he offers. There is, for example, a distinction in how plaintiff seeks to refer to the HealthExtras defendants. The newly proposed amended complaint identifies HealthExtras, Inc., Catalyst Health Solutions, Inc., and Catamaran Health Solutions, LLC, separately, and seeks in light of mergers and name changes therein described to refer to all of these defendants as one, "Catamaran, f/k/a, Catalyst, f/k/a HealthExtras Inc." The newly proposed amended complaint also reflects anticipated dismissal of those three defendants which are the subjects of pending motions to dismiss with prejudice.

**COURT'S DISCUSSION**

A.      Standard of Review

A plaintiff may amend complaint one time as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, however, a plaintiff may amend complaint only by leave of the court or by written consent of the defendant, although "The court should freely give leave when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). Leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated

8

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

B.   Analysis

Plaintiff seeks to amend the complaint to institute a manifold number of changes from his original pleading, as further clarified in the newly proposed first amended complaint. Several amendments are not contested, including amendments to join the Bushes as plaintiffs, join Virginia Surety and New HealthExtras as defendants, and correct errors regarding defendants' names. As such, in these parts, the motion is ALLOWED.

Also, with respect to the motions to dismiss with prejudice (DE 104, 105, 106), absent some cause being shown by a defendant within fourteen (14) days why these defendants should not now be dismissed, for the reasons given, they will be. If no response timely is made, the clerk is directed to enter the attached orders, as proposed, and conform the docket to reflect removal of these defendants, as shall the case caption in any future filing.

Defendants oppose plaintiff's motion to amend to the extent it brings claims for payments of premiums made prior to March 6, 2008 and on behalf of purported class members whose policies terminated prior to March 6, 2008. Defendants argue these amendments are futile because the statute of limitations bars such claims. The newly proposed amended complaint renews these claims.

The court withholds ruling on remaining part of the motion to amend in light of plaintiff's recent supplement, where this court GRANTS him leave to make that filing. Therefore, the proposed amended complaint on which his motion is based is the one filed June 20, 2014. Because plaintiff has been allowed, in the court's discretion, opportunity to supplement his motion to amend

9

in this respect, defendants shall have twenty-one (21) days to supplement their filings in opposition, with regard to the newly proposed amended complaint, and arguments offered June 20, 2014, in furtherance of plaintiff's motion. Plaintiff then shall have fourteen (14) days to respond. No reply is permitted.

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's motions to dismiss (DE 104, 105, 106) provisionally are ALLOWED, where three defendants have been requested to be dismissed with prejudice, and their anticipated dismissals are reflected on the face of the newly proposed amended complaint. Should no cause be offered why the court's provisional allowance of the motions to dismiss is in error, within fourteen (14) days as herein ordered, then those motions finally will be ALLOWED;

2. In its discretion, the court ALLOWS plaintiff's supplemental motion for leave to file his newly proposed first amended complaint, (DE 107), to the extent of his request now to have the court consider this proposed amended complaint in ruling on his motion to amend.

3. The court allows uncontested parts of plaintiff's motion to amend (DE 88) as follows:

    a. Plaintiff's motion to amend (DE 88) is ALLOWED in those uncontested parts where plaintiff seeks to join Jeffrey and Jeffrey and Kimberley Bush as plaintiffs, join Virginia Surety and HealthExtras, LLC as defendants, and

        correct errors regarding defendants' names, to the extent these changes also are reflected in the proposed amended complaint filed June 20, 2014;

    b.    Plaintiff's motion to amend (DE 88) is ALLOWED in those uncontested parts where plaintiff seeks to identify National Union Fire Insurance Company as a "member," rather than as a "division," of American International Group, Inc. (AIG), and change the name of defendant identified as Catalyst Health Solutions, Inc. to reflect its post-merger entity name, "Catamaran Health Solutions, LLC, f/k/a Catalyst Health Solutions, Inc."

4.    The court holds in abeyance decision on remaining, contested parts of plaintiff's motion, where defendants have **twenty-one (21) days** within which to supplement their arguments of record with respect to plaintiff's sought-after amendment of complaint, as now reflected in the form of proposed amended complaint filed June 20, 2014. Plaintiffs have **fourteen (14) days** within which to respond. No reply will be permitted; and

5.    The STAY on class discovery and other deadlines REMAINS IN EFFECT.

6.  In accordance with this order, the clerk of court is DIRECTED to amend the caption to (1) add Jeffrey and Kimberly Bush as plaintiffs; (2) join Virginia Surety Company, Inc. and HealthExtras, LLC as defendants; (3) identify National Union Fire Insurance Company as a "member," rather than as a "division," of American International Group, Inc. (AIG); and (4) change the name of defendant identified as Catalyst Health Solutions, Inc. to reflect its post-merger entity name, "Catamaran Health Solutions, LLC, f/k/a Catalyst Health Solutions, Inc." Case caption in future case filings by the parties shall be in conformity with these directions.

SO ORDERED this the 24th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge